# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
## CIVIL APPEAL PRE-ARGUMENT STATEMENT (FORM C)

**1. SEE NOTICE ON REVERSE**      **2. PLEASE TYPE OR PRINT**      **3. STAPLE ALL ADDITIONAL PAGES**

| Case Caption: <br><br>WILLIAM J. MARTIN v. MEREDITH CORPORATION, MEREDITH HOLDINGS CORPORATION, IAC/INTERACTIVECORP, DOTDASH MEDIA, INC., DOTDASH MEREDITH INC. | District Court or Agency: <br><br>SDNY | Judge: <br><br>Hon. Denise L. Cote |
|---|---|---|
| | Date the Order or Judgment Appealed from was Entered on the Docket: <br><br>February 21, 2023 | District Court Docket No.: <br><br>1:22-cv-4776-DLC |
| | Date the Notice of Appeal was Filed: <br><br>March 17, 2023 | Is this a Cross Appeal? <br><br>☐ Yes  ☑ No |

| Attorney(s) for Appellant(s): <br><br>☑ Plaintiff <br><br>☐ Defendant | Counsel's Name:   Address:   Telephone No.:   Fax No.:   E-mail: <br><br>Brett D. Katz, Ellis George Cipollone O'Brien Annaguey LLP, 152 West 57th Street, 28th Floor, New York, NY 10019, 212-413-2600,  212-413-2629, bkatz@egcfirm.com |
|---|---|
| Attorney(s) for Appellee(s): <br><br>☐ Plaintiff <br><br>☑ Defendant | Counsel's Name:   Address:   Telephone No.:   Fax No.:   E-mail: <br><br>Tiana Demas, Cooley LLP, 55 Hudson Yards, 43rd Floor, New York, NY 10001, 212-479-6000, 212-479-6275, tdemas@cooley.com |

| Has Transcript Been Prepared? <br><br>N/A | Approx. Number of Transcript Pages: <br><br>N/A | Number of Exhibits Appended to Transcript: <br><br>N/A | Has this matter been before this Circuit previously?  ☐ Yes  ☑ No <br><br>If Yes, provide the following: <br><br>Case Name: <br><br>2d Cir. Docket No.:          Reporter Citation: (i.e., F.3d or Fed. App.) |
|---|---|---|---|

***ADDENDUM "A":*** **COUNSEL MUST ATTACH TO THIS FORM: (1) A BRIEF, BUT NOT PERFUNCTORY, DESCRIPTION OF THE NATURE OF THE ACTION; (2) THE RESULT BELOW; (3) A COPY OF THE NOTICE OF APPEAL AND A CURRENT COPY OF THE LOWER COURT DOCKET SHEET; AND (4) A COPY OF ALL RELEVANT OPINIONS/ORDERS FORMING THE BASIS FOR THIS APPEAL, INCLUDING TRANSCRIPTS OF ORDERS ISSUED FROM THE BENCH OR IN CHAMBERS.**

***ADDENDUM "B":*** **COUNSEL MUST ATTACH TO THIS FORM A LIST OF THE ISSUES PROPOSED TO BE RAISED ON APPEAL, AS WELL AS THE APPLICABLE APPELLATE STANDARD OF REVIEW FOR EACH PROPOSED ISSUE.**

### PART A:  JURISDICTION

| 1. Federal Jurisdiction | 2. Appellate Jurisdiction |
|---|---|
| ☐ U.S. a party  ☑ Diversity <br><br>☐ Federal  question (U.S. not a party)  ☑ Other (specify): 28 USC 1331 | ☑ Final Decision   ☐ Order Certified by District Judge (i.e., Fed . R. Civ. P. 54(b)) <br><br>☐ Interlocutory Decision Appealable As of Right   ☐ Other (specify): _____ |

## IMPORTANT. COMPLETE AND SIGN REVERSE SIDE OF THIS FORM.

**FORM C**  (Rev. October  2016)

## PART B: DISTRICT COURT DISPOSITION (Check as many as apply)

**1. Stage of Proceedings**

- [✓] Pre-trial
- [ ] During trial
- [ ] After trial

**2. Type of Judgment/Order Appealed**

- [ ] Default judgment
- [ ] Dismissal/FRCP 12(b)(1) lack of subject matter juris.
- [✓] Dismissal/FRCP 12(b)(6) failure to state a claim
- [ ] Dismissal/28 U.S.C. § 1915(e)(2) frivolous complaint
- [ ] Dismissal/28 U.S.C. § 1915(e)(2) other dismissal
- [ ] Dismissal/other jurisdiction
- [ ] Dismissal/merit
- [ ] Judgment / Decision of the Court
- [ ] Summary judgment
- [ ] Declaratory judgment
- [ ] Jury verdict
- [ ] Judgment NOV
- [ ] Directed verdict
- [ ] Other (specify):

**3. Relief**

- [ ] Damages:
  - [ ] Sought: $ _____
  - [ ] Granted: $ _____
  - [ ] Denied: $ _____
- [ ] Injunctions:
  - [ ] Preliminary
  - [ ] Permanent
  - [ ] Denied

## PART C: NATURE OF SUIT (Check as many as apply)

**1. Federal Statutes**

- [ ] Antitrust
- [ ] Bankruptcy
- [ ] Banks/Banking
- [ ] Civil Rights
- [ ] Commerce
- [ ] Energy
- [ ] Commodities
- [✓] Other (specify): Privacy
- [ ] Communications
- [✓] Consumer Protection
- [ ] Copyright [ ] Patent
- [ ] Trademark
- [ ] Election
- [ ] Soc. Security
- [ ] Environmental
- [ ] Freedom of Information Act
- [ ] Immigration
- [ ] Labor
- [ ] OSHA
- [ ] Securities
- [ ] Tax

**2. Torts**

- [ ] Admiralty/ Maritime
- [ ] Assault / Defamation
- [ ] FELA
- [ ] Products Liability
- [ ] Other (Specify):

**3. Contracts**

- [ ] Admiralty/ Maritime
- [ ] Arbitration
- [ ] Commercial
- [ ] Employment
- [ ] Insurance
- [ ] Negotiable Instruments
- [ ] Other Specify

**4. Prisoner Petitions**

- [ ] Civil Rights
- [ ] Habeas Corpus
- [ ] Mandamus
- [ ] Parole
- [ ] Vacate Sentence
- [ ] Other

**5. Other**

- [ ] Hague Int'l Child Custody Conv.
- [ ] Forfeiture/Penalty
- [ ] Real Property
- [ ] Treaty (specify): _____
- [ ] Other (specify): _____

**6. General**

- [ ] Arbitration
- [ ] Attorney Disqualification
- [✓] Class Action
- [ ] Counsel Fees
- [ ] Shareholder Derivative
- [ ] Transfer

**7. Will appeal raise constitutional issue(s)?**

- [ ] Yes [✓] No

Will appeal raise a matter of first impression?

- [✓] Yes [ ] No

---

1. Is any matter relative to this appeal still pending below? [ ] Yes, specify: _____ [✓] No

2. To your knowledge, is there any case presently pending or about to be brought before this Court or another court or administrative agency which:

   (A) Arises from substantially the same case or controversy as this appeal? [ ] Yes [✓] No

   (B) Involves an issue that is substantially similar or related to an issue in this appeal? [ ] Yes [✓] No

If yes, state whether [ ] "A," or [ ] "B," or [ ] both are applicable, and provide in the spaces below the following information on the *other* action(s):

| Case Name: | Docket No. | Citation: | Court or Agency: |
|---|---|---|---|
| | | | |

| Name of Appellant: |
|---|

| Date: March 31, 2023 | Signature of Counsel of Record: s/Brett D. Katz |
|---|---|

## NOTICE TO COUNSEL

**Once you have filed your Notice of Appeal with the District Court or the Tax Court, you have only 14 days in which to complete the following important steps:**

1. Complete this Civil Appeal Pre-Argument Statement (Form C); serve it upon all parties, and file it with the Clerk of the Second Circuit in accordance with LR 25.1.
2. File the Court of Appeals Transcript Information/Civil Appeal Form (Form D) with the Clerk of the Second Circuit in accordance with LR 25.1.
3. Pay the $505 docketing fee to the United States District Court or the $500 docketing fee to the United States Tax Court unless you are authorized to prosecute the appeal without payment.

**PLEASE NOTE: IF YOU DO NOT COMPLY WITH THESE REQUIREMENTS WITHIN 14 DAYS, YOUR APPEAL WILL BE DISMISSED.** *SEE* LOCAL RULE 12.1.

**FORM C** (Rev. December 2016)

**Addendum A**

The underlying class action complaint sought redress for Dotdash Meredith's knowing, unlawful sharing of highly sensitive personal information. Compl. ¶ 6. "Every time a [putative class member] views video content on People.com, Dotdash Meredith causes the identity of the viewer and the titles of the videos viewed to be shared with Facebook" via embedded code called the Facebook Pixel. *Id*. ¶ 3. Defendants, including Dotdash Meredith, Inc., do not disclose this fact to the class members. *Id*. The proposed class members include those individuals who created accounts with People.com ("Registered Users") who also had a Facebook account, and had their video consumption information and identities disclosed to Facebook. *Id*. ¶¶ 66, 139.

Defendants neither request nor obtain informed written consent from Registered Users to share that user's video viewing history in a distinct and separate form as required by the Video Privacy Protection Act, 18 U.S.C. § 2710 ("VPPA"), and does not offer Registered Users the ability to opt-in to sharing their personally identifiable information. *Id*. ¶¶ 80, 81. In fact, "[a]t no point in the registration process are Registered Users [of People.com] required to consent to *any* Dotdash Meredith policies." *Id*. ¶ 78.

On behalf of a nationwide class of Registered Users, Plaintiff, William J. Martin alleged that Defendants disclosed, without consent, highly sensitive, personal information about the users of Defendants' websites. This includes sharing with Facebook the titles of videos users watched in a manner that would permit Facebook to identify the actual viewer of that video . According to the Complaint, Defendants' actions constitute a violations of the VPPA, along with other state statutes including California Civil Code § 1799.3, California's Online Privacy Protection Act, California's Unfair Competition Law, and New York General Business Law § 349.

Defendants moved, pre-answer, to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6), and in an Opinion and Order dated February 17, 2023, the Southern District of New York (Hon. Denise L. Cote) granted that motion, thereby dismissing the Complaint without leave to replead.

2204887.2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILLIAM J. MARTIN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MEREDITH CORPORATION, MEREDITH HOLDINGS CORPORATION, IAC/INTERACTIVECORP, DOTDASH MEDIA, INC., and DOTDASH MEREDITH, INC.,<br><br>Defendants. | Civ. Action No. 22-cv-4776-DLC<br><br>**PLAINTIFF'S NOTICE OF APPEAL** |

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that William J. Martin, plaintiff in the above-referenced case, hereby appeals to the United States Court of Appeals for the Second Circuit from the Judgment entered in this action on February 21, 2023 (ECF No. 58) granting defendants' motion to dismiss and dismissing plaintiff's claims, and all interlocutory orders that gave rise to it, including the Opinion & Order entered in this action on February 17, 2023 (ECF No. 57) granting defendants' motion to dismiss and dismissing plaintiff's claims.

Dated:   New York, New York
         March 17, 2023

ELLIS GEORGE CIPOLLONE
O'BRIEN ANNAGUEY LLP

By:   s/Brett D. Katz
      Brett D. Katz
Carnegie Hall Tower
152 West 57th Street, 28th Floor
New York, New York 10019
Telephone:  (212) 413-2600
Facsimile:  (212) 413-2629
bkatz@egcfirm.com
*Attorneys for Plaintiff William J. Martin*

2194236.1

# U.S. District Court
## Southern District of New York (Foley Square)
## CIVIL DOCKET FOR CASE #: 1:22-cv-04776-DLC

| | |
|---|---|
| Martin v. Meredith Corporation et al | Date Filed: 06/07/2022 |
| Assigned to: Judge Denise L. Cote | Date Terminated: 02/21/2023 |
| Demand: $5,000,000 | Jury Demand: Plaintiff |
| Cause: 18:2710(c) Wrongful Disclosure of Video Tape Rental or Sales Records | Nature of Suit: 890 Other Statutory Actions |
| | Jurisdiction: Federal Question |

**Plaintiff**

**William J Martin**
*individually and on behalf of all other
similarly situated*

represented by **Carl Alan Roth**
Ellis George Cipollone O'Brien Annaguey
LLP
Ellis George Cipollone O'Brien Annaguey
LLP
801 S. Figueroa Street
Suite 2000
Los Angeles, CA 90017
213-725-9800
Fax: 213-725-9808
Email: croth@egcfirm.com
*LEAD ATTORNEY
ATTORNEY TO BE NOTICED*

**Eric M George**
Ellis George Cipollone O'Brien Annaguey
LLP
2121 Avenue of the Stars
Ste 30th Floor
Los Angeles, CA 90067
310-274-7100
Fax: 310-275-5697
Email: egeorge@egcfirm.com
*LEAD ATTORNEY
ATTORNEY TO BE NOTICED*

**Stefan Bogdanovich**
Ellis George Cipollone O'Brien Annaguey
LLP
2121 Avenue of the Stars
Ste 30th Floor
Los Angeles, CA 90067
310-274-7100
Fax: 310-275-5697
Email: sbogdanovich@bursor.com

*ATTORNEY TO BE NOTICED*

**Brett David Katz**
Ellis George Cipollone O'Brien Annaguey
LLP
Carnegie Hall Tower
152 West 57th Street
Suite 28S
New York, NY 10019
212-413-2600
Fax: 212-413-2629
Email: bkatz@egcfirm.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Meredith Corporation**                      represented by **Alexander James Kasner**
Cooley LLP
1299 Pennsylvania Avenue, NW
Ste 700
Washington, DC 20004
202-842-7800
Email: akasner@cooley.com
*ATTORNEY TO BE NOTICED*

**David E. Mills**
Cooley LLP (DC)
1299 Pennsylvania Ave., Nw, Suite 700
Washington, DC 20004
(202)-842-7800
Fax: (202)-842-7899
Email: dmills@cooley.com
*ATTORNEY TO BE NOTICED*

**Kyle Wong**
Cooley LLP - Library
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
415-693-2000
Email: kwong@cooley.com
*ATTORNEY TO BE NOTICED*

**Tiana Angelique Demas**
Cooley LLP
55 Hudson Yards
10001-2157
New York, NY 10001-2157
212-479-6560
Email: tdemas@cooley.com

*ATTORNEY TO BE NOTICED*

**Defendant**

**Meredith Holdings Corporation**       represented by    **Alexander James Kasner**
(See above for address)
*ATTORNEY TO BE NOTICED*

**David E. Mills**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kyle Wong**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Tiana Angelique Demas**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**IAC/InterActiveCorp**       represented by    **Alexander James Kasner**
(See above for address)
*ATTORNEY TO BE NOTICED*

**David E. Mills**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kyle Wong**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Tiana Angelique Demas**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Dotdash Media, Inc.**       represented by    **Alexander James Kasner**
(See above for address)
*ATTORNEY TO BE NOTICED*

**David E. Mills**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kyle Wong**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Tiana Angelique Demas**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Dotdash Meredith, Inc.**       represented by   **Alexander James Kasner**
(See above for address)
*ATTORNEY TO BE NOTICED*

**David E. Mills**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kyle Wong**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Tiana Angelique Demas**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/07/2022 | 1 | COMPLAINT against Dotdash Media, Inc., Dotdash Meredith, Inc., IAC/InterActiveCorp, Meredith Corporation, Meredith Holdings Corporation. (Filing Fee $ 402.00, Receipt Number ANYSDC-26252278)Document filed by William J Martin..(Katz, Brett) (Entered: 06/07/2022) |
| 06/07/2022 | 2 | **FILING ERROR - DEFICIENT PLEADING - PDF ERROR -** CIVIL COVER SHEET filed..(Katz, Brett) Modified on 6/8/2022 (pc). (Entered: 06/07/2022) |
| 06/07/2022 | 3 | **FILING ERROR - DEFICIENT PLEADING - SUMMONS REQUEST PDF ERROR -** REQUEST FOR ISSUANCE OF SUMMONS as to Meredith Corporation, re: 1 Complaint. Document filed by William J Martin..(Katz, Brett) Modified on 6/8/2022 (pc). (Entered: 06/07/2022) |
| 06/07/2022 | 4 | **FILING ERROR - DEFICIENT PLEADING - SUMMONS REQUEST PDF ERROR -** REQUEST FOR ISSUANCE OF SUMMONS as to Meredith Holdings Corporation, re: 1 Complaint. Document filed by William J Martin..(Katz, Brett) Modified on 6/8/2022 (pc). (Entered: 06/07/2022) |
| 06/07/2022 | 5 | **FILING ERROR - DEFICIENT PLEADING - SUMMONS REQUEST PDF ERROR -** REQUEST FOR ISSUANCE OF SUMMONS as to IAC/InterActiveCorp, re: 1 Complaint. Document filed by William J Martin..(Katz, Brett) Modified on 6/8/2022 (pc). (Entered: 06/07/2022) |
| 06/07/2022 | 6 | **FILING ERROR - DEFICIENT PLEADING - SUMMONS REQUEST PDF ERROR -** REQUEST FOR ISSUANCE OF SUMMONS as to Dotdash Media, Inc., re: 1 Complaint. Document filed by William J Martin..(Katz, Brett) Modified on 6/8/2022 (pc). (Entered: 06/07/2022) |
| 06/07/2022 | 7 | **FILING ERROR - DEFICIENT PLEADING - SUMMONS REQUEST PDF ERROR -** REQUEST FOR ISSUANCE OF SUMMONS as to Dotdash Meredith, Inc., re: 1 Complaint. Document filed by William J Martin..(Katz, Brett) Modified on |

| | | |
|---|---|---|
| | | 6/8/2022 (pc). (Entered: 06/07/2022) |
| 06/08/2022 | | ***NOTICE TO ATTORNEY REGARDING CIVIL. CASE OPENING STATISTICAL ERROR CORRECTION: Notice to attorney Brett David Katz. The following case opening statistical information was erroneously selected/entered: Cause of Action code blank; Dollar Demand $5,000,000,000; County code New York;. The following correction(s) have been made to your case entry: the Cause of Action code has been modified to 18:2710(c); the Dollar Demand has been modified to $5,000,000; the County code has been modified to XX Out of State;. (pc) (Entered: 06/08/2022) |
| 06/08/2022 | | ***NOTICE TO ATTORNEY REGARDING DEFICIENT CIVIL COVER SHEET. Notice to attorney Brett David Katz to RE-FILE Document No. 2 Civil Cover Sheet. The filing is deficient for the following reason(s): If jurisdiction is Federal Question, do not fill out citizenship of principal parties. (pc) (Entered: 06/08/2022) |
| 06/08/2022 | | CASE OPENING INITIAL ASSIGNMENT NOTICE: The above-entitled action is assigned to Judge Vernon S. Broderick. Please download and review the Individual Practices of the assigned District Judge, located at https://nysd.uscourts.gov/judges /district-judges. Attorneys are responsible for providing courtesy copies to judges where their Individual Practices require such. Please download and review the ECF Rules and Instructions, located at https://nysd.uscourts.gov/rules/ecf-related-instructions..(pc) (Entered: 06/08/2022) |
| 06/08/2022 | | Magistrate Judge Jennifer Willis is so designated. Pursuant to 28 U.S.C. Section 636(c) and Fed. R. Civ. P. 73(b)(1) parties are notified that they may consent to proceed before a United States Magistrate Judge. Parties who wish to consent may access the necessary form at the following link: https://nysd.uscourts.gov/sites/default/files/2018-06 /AO-3.pdf. (pc) (Entered: 06/08/2022) |
| 06/08/2022 | | Case Designated ECF. (pc) (Entered: 06/08/2022) |
| 06/08/2022 | 8 | CIVIL COVER SHEET filed..(Katz, Brett) (Entered: 06/08/2022) |
| 06/08/2022 | | ***NOTICE TO ATTORNEY REGARDING DEFICIENT REQUEST FOR ISSUANCE OF SUMMONS. Notice to Attorney Brett David Katz to RE-FILE Document No. 5 Request for Issuance of Summons, 3 Request for Issuance of Summons, 7 Request for Issuance of Summons, 4 Request for Issuance of Summons, 6 Request for Issuance of Summons. The filing is deficient for the following reason(s): Remove the American LegalNet Inc watermark from each summons;. Re-file the document using the event type Request for Issuance of Summons found under the event list Service of Process - select the correct filer/filers - and attach the correct summons form PDF. (pc) (Entered: 06/08/2022) |
| 06/08/2022 | 9 | REQUEST FOR ISSUANCE OF SUMMONS as to Meredith Corporation, re: 1 Complaint. Document filed by William J Martin..(Katz, Brett) (Entered: 06/08/2022) |
| 06/08/2022 | 10 | REQUEST FOR ISSUANCE OF SUMMONS as to Meredith Holdings Corporation, re: 1 Complaint. Document filed by William J Martin..(Katz, Brett) (Entered: 06/08/2022) |
| 06/08/2022 | 11 | REQUEST FOR ISSUANCE OF SUMMONS as to IAC/InterActiveCorp, re: 1 Complaint. Document filed by William J Martin..(Katz, Brett) (Entered: 06/08/2022) |

| 06/08/2022 | 12 | REQUEST FOR ISSUANCE OF SUMMONS as to Dotdash Media, Inc., re: 1 Complaint. Document filed by William J Martin..(Katz, Brett) (Entered: 06/08/2022) |
|---|---|---|
| 06/08/2022 | 13 | REQUEST FOR ISSUANCE OF SUMMONS as to Dotdash Meredith, Inc., re: 1 Complaint. Document filed by William J Martin..(Katz, Brett) (Entered: 06/08/2022) |
| 06/09/2022 | 14 | ELECTRONIC SUMMONS ISSUED as to Meredith Corporation. (vf) (Entered: 06/09/2022) |
| 06/09/2022 | 15 | ELECTRONIC SUMMONS ISSUED as to Meredith Holdings Corporation. (vf) (Entered: 06/09/2022) |
| 06/09/2022 | 16 | ELECTRONIC SUMMONS ISSUED as to IAC/InterActiveCorp. (vf) (Entered: 06/09/2022) |
| 06/09/2022 | 17 | ELECTRONIC SUMMONS ISSUED as to Dotdash Media, Inc.. (vf) (Entered: 06/09/2022) |
| 06/09/2022 | 18 | ELECTRONIC SUMMONS ISSUED as to Dotdash Meredith, Inc.. (vf) (Entered: 06/09/2022) |
| 06/15/2022 | 19 | NOTICE OF APPEARANCE by Eric M George on behalf of William J Martin.. (George, Eric) (Entered: 06/15/2022) |
| 07/27/2022 | 20 | MOTION for Stefan Bogdanovich to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC-26473491. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by William J Martin. (Attachments: # 1 Exhibit Certificate of Good Standing, # 2 Affidavit -Affidavit of Stefan Bogdanovich iso Motion for Admission Pro Hac Vice, # 3 Text of Proposed Order Proposed Order re Motion for Pro Hac Vice).(Bogdanovich, Stefan) (Entered: 07/27/2022) |
| 07/28/2022 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 20 MOTION for Stefan Bogdanovich to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC-26473491. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (sgz)** (Entered: 07/28/2022) |
| 07/29/2022 | 21 | ORDER MOTION FOR ADMISSION PRO HAC VICE OF STEFAN BOGDANOVICH granting 20 Motion for Stefan Bogdanovich to Appear Pro Hac Vice. The motion of Stefan Bogdanovich for admission to practice pro hac vice in the above captioned action is GRANTED. IT IS HEREBY ORDERED that Applicant is admitted to practice pro hac vice in the above-captioned case in the United States District Court for the Southern District of New York. All attorneys appearing before this Court are subject to the Local Rules of this Court, including the Rules governing discipline of attorneys. (Signed by Judge Vernon S. Broderick on 7/29/22) (yv) (Entered: 07/29/2022) |
| 07/29/2022 | 22 | WAIVER OF SERVICE RETURNED EXECUTED. Meredith Corporation waiver sent on 7/11/2022, answer due 9/9/2022. Document filed by William J Martin.. (Bogdanovich, Stefan) (Entered: 07/29/2022) |
| 07/29/2022 | 23 | WAIVER OF SERVICE RETURNED EXECUTED. Meredith Holdings Corporation waiver sent on 7/11/2022, answer due 9/9/2022. Document filed by William J Martin.. (Bogdanovich, Stefan) (Entered: 07/29/2022) |

| 07/29/2022 | 24 | WAIVER OF SERVICE RETURNED EXECUTED. Dotdash Media, Inc. waiver sent on 7/11/2022, answer due 9/9/2022. Document filed by William J Martin.. (Bogdanovich, Stefan) (Entered: 07/29/2022) |
| 07/29/2022 | 25 | WAIVER OF SERVICE RETURNED EXECUTED. Dotdash Meredith, Inc. waiver sent on 7/11/2022, answer due 9/9/2022. Document filed by William J Martin.. (Bogdanovich, Stefan) (Entered: 07/29/2022) |
| 08/11/2022 | 26 | WAIVER OF SERVICE RETURNED EXECUTED. IAC/InterActiveCorp waiver sent on 7/11/2022, answer due 9/9/2022. Document filed by William J Martin.. (Bogdanovich, Stefan) (Entered: 08/11/2022) |
| 08/11/2022 | 27 | NOTICE OF APPEARANCE by Tiana Angelique Demas on behalf of Dotdash Media, Inc., Dotdash Meredith, Inc., IAC/InterActiveCorp, Meredith Corporation, Meredith Holdings Corporation..(Demas, Tiana) (Entered: 08/11/2022) |
| 08/17/2022 |  | NOTICE OF CASE REASSIGNMENT to Judge Denise L. Cote. Judge Vernon S. Broderick is no longer assigned to the case. (aea) (Entered: 08/17/2022) |
| 08/23/2022 | 28 | NOTICE OF PRETRIAL CONFERENCE: Initial Conference set for 10/21/2022 at 10:00 AM in Courtroom 18B, 500 Pearl Street, New York, NY 10007 before Judge Denise L. Cote. (Signed by Judge Denise L. Cote on 8/23/2022) (tro) Modified on 8/24/2022 (jwh). (Entered: 08/23/2022) |
| 08/29/2022 | 29 | MOTION for David Edward Mills to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC-26607618. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Dotdash Media, Inc., Dotdash Meredith, Inc., IAC/InterActiveCorp, Meredith Corporation, Meredith Holdings Corporation. (Attachments: # 1 Affidavit Declaration of David E. Mills, # 2 Exhibit Certificate of Good Standing - MD, # 3 Exhibit Certificate of Good Standing - DC, # 4 Text of Proposed Order proposed).(Mills, David) (Entered: 08/29/2022) |
| 08/29/2022 | 30 | MOTION for Alexander James Kasner to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC-26609196. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Dotdash Media, Inc., Dotdash Meredith, Inc., IAC/InterActiveCorp, Meredith Corporation, Meredith Holdings Corporation. (Attachments: # 1 Affidavit Declaration of Alexander J. Kasner, # 2 Exhibit Certificate of Good Standing - CA, # 3 Exhibit Certificate of Good Standing - DC, # 4 Text of Proposed Order proposed).(Kasner, Alexander) (Entered: 08/29/2022) |
| 08/30/2022 |  | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 29 MOTION for David Edward Mills to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC-26607618. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (sgz)** (Entered: 08/30/2022) |
| 08/30/2022 |  | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 30 MOTION for Alexander James Kasner to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC-26609196. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (sgz)** (Entered: 08/30/2022) |
| 08/30/2022 | 31 | ORDER granting 29 Motion for David Edward Mills to Appear Pro Hac Vice (HEREBY ORDERED by Judge Denise L. Cote)(Text Only Order) (bd) (Entered: 08/30/2022) |

| 08/30/2022 | 32 | ORDER granting 30 Motion for Alexander James Kasner to Appear Pro Hac Vice (HEREBY ORDERED by Judge Denise L. Cote)(Text Only Order) (bd) (Entered: 08/30/2022) |
| 09/02/2022 | 33 | CONSENT LETTER MOTION for Leave to File Excess Pages *and Extension of Time* addressed to Judge Denise L. Cote from Tiana Demas dated September 2, 2022. Document filed by Dotdash Media, Inc., Dotdash Meredith, Inc., IAC/InterActiveCorp, Meredith Corporation, Meredith Holdings Corporation..(Demas, Tiana) (Entered: 09/02/2022) |
| 09/02/2022 | 34 | ORDER granting 33 CONSENT LETTER MOTION for Leave to File Excess Pages and Extension of Time. Granted. (Signed by Judge Denise L. Cote on 9/2/2022) (jca) (Entered: 09/02/2022) |
| 09/02/2022 | | Set/Reset Deadlines: Motions due by 9/16/2022. Responses due by 10/28/2022 Replies due by 11/30/2022. (jca) (Entered: 09/02/2022) |
| 09/16/2022 | 35 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Identifying Corporate Parent IAC InterActiveCorp for Dotdash Media, Inc., Dotdash Meredith, Inc., Meredith Holdings Corporation. Document filed by Dotdash Media, Inc., Dotdash Meredith, Inc., IAC/InterActiveCorp, Meredith Corporation, Meredith Holdings Corporation..(Demas, Tiana) (Entered: 09/16/2022) |
| 09/16/2022 | 36 | MOTION to Dismiss for Lack of Jurisdiction *(under Rules 12(b)(1) and 12(b)(6))*. Document filed by Dotdash Media, Inc., Dotdash Meredith, Inc., IAC/InterActiveCorp, Meredith Corporation, Meredith Holdings Corporation. Responses due by 10/28/2022. (Demas, Tiana) (Entered: 09/16/2022) |
| 09/16/2022 | 37 | MEMORANDUM OF LAW in Support re: 36 MOTION to Dismiss for Lack of Jurisdiction *(under Rules 12(b)(1) and 12(b)(6))*. . Document filed by Dotdash Media, Inc., Dotdash Meredith, Inc., IAC/InterActiveCorp, Meredith Corporation, Meredith Holdings Corporation..(Demas, Tiana) (Entered: 09/16/2022) |
| 09/16/2022 | 38 | DECLARATION of Alexander J. Kasner in Support re: 36 MOTION to Dismiss for Lack of Jurisdiction *(under Rules 12(b)(1) and 12(b)(6))*.. Document filed by Dotdash Media, Inc., Dotdash Meredith, Inc., IAC/InterActiveCorp, Meredith Corporation, Meredith Holdings Corporation. (Attachments: # 1 Exhibit 1 - Meta Pixel webpage, # 2 Exhibit 2 - Meta Pixel Reference webpage, # 3 Exhibit 3 - People webpage - Reynolds article, # 4 Exhibit 4 - People webpage - Garner article, # 5 Exhibit 5 - People webpage - Home page, # 6 Exhibit 6 - People webpage - Bush article).(Demas, Tiana) (Entered: 09/16/2022) |
| 09/16/2022 | 39 | DECLARATION of Junsu Choi in Support re: 36 MOTION to Dismiss for Lack of Jurisdiction *(under Rules 12(b)(1) and 12(b)(6))*.. Document filed by Dotdash Media, Inc., Dotdash Meredith, Inc., IAC/InterActiveCorp, Meredith Corporation, Meredith Holdings Corporation. (Attachments: # 1 Exhibit A - People webpage - Reynolds article, # 2 Exhibit B - GET - Reynolds article, # 3 Exhibit C - POST - Reynolds article, # 4 Exhibit D - People webpage - Kardashian article, # 5 Exhibit E - GET - Kardashian article, # 6 Exhibit F - POST - Kardashian article, # 7 Exhibit G - People webpage - Fallon article, # 8 Exhibit H - GET - Fallon article, # 9 Exhibit I - POST - Fallon article).(Demas, Tiana) (Entered: 09/16/2022) |
| 10/11/2022 | 40 | CONSENT LETTER MOTION to Continue *Pretrial Conference from October 21 to either November 18 or December 2, 2022* addressed to Judge Denise L. Cote from |

| | | |
|---|---|---|
| | | Tiana Demas dated October 11, 2022. Document filed by Dotdash Media, Inc., Dotdash Meredith, Inc., IAC/InterActiveCorp..(Demas, Tiana) (Entered: 10/11/2022) |
| 10/13/2022 | 41 | ORDER granting 40 Letter Motion to Continue. The conference is rescheduled for November 18 at 11:30 a.m. Initial Conference set for 11/18/2022 at 11:30 AM before Judge Denise L. Cote. (Signed by Judge Denise L. Cote on 10/13/2022) (mml) (Entered: 10/13/2022) |
| 10/25/2022 | 42 | LETTER MOTION to Stay *Discovery* addressed to Judge Denise L. Cote from Tiana Demas (Counsel for Defendants) dated October 25, 2022. Document filed by Dotdash Media, Inc., Dotdash Meredith, Inc., IAC/InterActiveCorp, Meredith Corporation, Meredith Holdings Corporation..(Demas, Tiana) (Entered: 10/25/2022) |
| 10/27/2022 | 43 | LETTER RESPONSE in Opposition to Motion addressed to Judge Denise L. Cote from Carl Alan Roth dated October 27, 2022 re: 42 LETTER MOTION to Stay *Discovery* addressed to Judge Denise L. Cote from Tiana Demas (Counsel for Defendants) dated October 25, 2022. . Document filed by William J Martin..(George, Eric) (Entered: 10/27/2022) |
| 10/28/2022 | 44 | MEMO ENDORSEMENT: on re: 43 Response in Opposition to Motion, filed by William J Martin. ENDORSEMENT: Discovery is stayed. (Signed by Judge Denise L. Cote on 10/28/2022) (ama) (Entered: 10/28/2022) |
| 10/28/2022 | 45 | MEMORANDUM OF LAW in Opposition re: 36 MOTION to Dismiss for Lack of Jurisdiction *(under Rules 12(b)(1) and 12(b)(6))*. . Document filed by William J Martin..(George, Eric) (Entered: 10/28/2022) |
| 10/28/2022 | 46 | NOTICE OF APPEARANCE by Kyle Wong on behalf of Dotdash Media, Inc., Dotdash Meredith, Inc., IAC/InterActiveCorp, Meredith Corporation, Meredith Holdings Corporation..(Wong, Kyle) (Entered: 10/28/2022) |
| 10/31/2022 | 47 | MOTION for Carl Alan Roth to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC-26895277. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by William J Martin. (Attachments: # 1 Affidavit of Carl Alan Roth in Support of Motion for Admission Pro Hac Vice, # 2 Exhibit Certificate of Good Standing, # 3 Text of Proposed Order for Admission Pro Hac Vice). (Roth, Carl) (Entered: 10/31/2022) |
| 11/01/2022 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 47 MOTION for Carl Alan Roth to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC-26895277. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (sgz) (Entered: 11/01/2022)** |
| 11/01/2022 | 48 | ORDER granting 47 Motion for Carl Alan Roth to Appear Pro Hac Vice (HEREBY ORDERED by Judge Denise L. Cote)(Text Only Order) (jwh) (Entered: 11/01/2022) |
| 11/11/2022 | 49 | RULE 26(f) DISCOVERY PLAN REPORT.Document filed by William J Martin..(Roth, Carl) (Entered: 11/11/2022) |
| 11/11/2022 | 50 | RESPONSE in Opposition to Motion re: 36 MOTION to Dismiss for Lack of Jurisdiction *(under Rules 12(b)(1) and 12(b)(6))*. . Document filed by William J Martin. (Attachments: # 1 Exhibit A: Supplemental Authority).(Roth, Carl) (Entered: 11/11/2022) |

| 11/14/2022 | 51 | ORDER: A pretrial conference is currently scheduled in this case for November 18, 2022. It is hereby ORDERED that the pretrial conference scheduled for November 18 is cancelled. (Signed by Judge Denise L. Cote on 11/14/2022) (vfr) (Entered: 11/14/2022) |
|---|---|---|
| 11/23/2022 | 52 | RESPONSE in Opposition to Motion re: 36 MOTION to Dismiss for Lack of Jurisdiction *(under Rules 12(b)(1) and 12(b)(6))*. . Document filed by William J Martin. (Attachments: # 1 Exhibit A: Supplemental Authority).(Bogdanovich, Stefan) (Entered: 11/23/2022) |
| 11/29/2022 | 53 | FIRST LETTER MOTION for Leave to File Excess Pages *for Defendant's Reply Brief* addressed to Judge Denise L. Cote from Tiana Demas, counsel for Defendants dated November 29, 2022. Document filed by Dotdash Media, Inc., Dotdash Meredith, Inc., IAC/InterActiveCorp. Return Date set for 11/30/2022 at 09:00 AM..(Demas, Tiana) (Entered: 11/29/2022) |
| 11/29/2022 | 54 | ORDER granting 53 Letter Motion for Leave to File Excess Pages. Granted. (Signed by Judge Denise L. Cote on 11/29/2022) (vfr) (Entered: 11/29/2022) |
| 11/30/2022 | 55 | REPLY MEMORANDUM OF LAW in Support re: 36 MOTION to Dismiss for Lack of Jurisdiction *(under Rules 12(b)(1) and 12(b)(6))*. . Document filed by Dotdash Media, Inc., Dotdash Meredith, Inc., IAC/InterActiveCorp, Meredith Corporation, Meredith Holdings Corporation..(Demas, Tiana) (Entered: 11/30/2022) |
| 02/15/2023 | 56 | RESPONSE in Opposition to Motion re: 36 MOTION to Dismiss for Lack of Jurisdiction *(under Rules 12(b)(1) and 12(b)(6))*. . Document filed by William J Martin. (Attachments: # 1 Exhibit A: Supplemental Authority, # 2 Exhibit B: Supplemental Authority).(Bogdanovich, Stefan) (Entered: 02/15/2023) |
| 02/17/2023 | 57 | OPINION AND ORDER re: 36 MOTION to Dismiss for Lack of Jurisdiction (under Rules 12(b)(1) and 12(b)(6)) filed by Dotdash Meredith, Inc., Dotdash Media, Inc., Meredith Corporation, IAC/InterActiveCorp, Meredith Holdings Corporation. The defendants' September 16 motion to dismiss is granted. The Clerk of Court shall enter judgment for the defendants and close the case. (Signed by Judge Denise L. Cote on 2/17/2023) (vfr) Transmission to Orders and Judgments Clerk for processing. (Entered: 02/17/2023) |
| 02/21/2023 | 58 | CLERK'S JUDGMENT re: 57 Memorandum & Opinion in favor of Dotdash Media, Inc., Dotdash Meredith, Inc., IAC/InterActiveCorp, Meredith Corporation, Meredith Holdings Corporation against William J Martin. It is hereby ORDERED, ADJUDGED AND DECREED: That for the reasons stated in the Court's Opinion and Order dated February 17, 2023, the defendants' September 16 motion to dismiss is granted; accordingly, the case is closed. (Signed by Clerk of Court Ruby Krajick on 2/21/2023) (Attachments: # 1 Right to Appeal) (km) (Entered: 02/21/2023) |
| 03/17/2023 | 59 | NOTICE OF APPEAL from 58 Clerk's Judgment,, 57 Memorandum & Opinion,,. Document filed by William J Martin. Filing fee $ 505.00, receipt number ANYSDC-27486228. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit..(Katz, Brett) Modified on 3/17/2023 (nd). (Entered: 03/17/2023) |
| 03/17/2023 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: 59 Notice of Appeal,..(nd) (Entered: 03/17/2023) |
| 03/17/2023 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files for 59 Notice of Appeal, filed by William J Martin were transmitted to the U.S. Court of Appeals..(nd) (Entered: 03/17/2023) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 04/04/2023 10:26:02 | | | |
| **PACER Login:** | Bgrfirm2121 | **Client Code:** | 10026.001 |
| **Description:** | Docket Report | **Search Criteria:** | 1:22-cv-04776-DLC |
| **Billable Pages:** | 9 | **Cost:** | 0.90 |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- X
                                      :
WILLIAM J. MARTIN, individually and on :
behalf of all others similarly        :
situated,                             :            22cv4776 (DLC)
                                      :
                        Plaintiff,    :        OPINION AND ORDER
                                      :
            -v-                       :
                                      :
MEREDITH CORPORATION, MEREDITH        :
HOLDINGS CORPORATION,                 :
IAC/INTERACTIVECORP, DOTDASH MEDIA,   :
INC., and DOTDASH MEREDITH, INC.,     :
                                      :
                        Defendants.   :
                                      :
------------------------------------- X

APPEARANCES:

For plaintiff William J. Martin:
Eric. M. George
Carl A. Roth
Ryan Q. Keech
Stefan Bogdanovich
Ellis George Cipollone O'Brien Annaguey LLP
2121 Avenue of the Stars, 30th Floor
Los Angeles, CA 90067

Brett D. Katz
Ellis George Cipollone O'Brien Annaguey LLP
Carnegie Hall Tower
152 West 57th Street
Suite 28S
New York, NY 10019

For defendants Meredith Corporation, Meredith Holdings
Corporation, IAC/InterActiveCorp, Dotdash Media, Inc., and
Dotdash Meredith, Inc.:
Tiana Demas
Cooley LLP
55 Hudson Yards, 43rd Floor
New York, NY 10001

David E. Mills
Alexander J. Kasner
Cooley LLP
1299 Pennsylvania Ave., NW
Suite 700
Washington, DC 20004

Kyle C. Wong
Cooley LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111

DENISE COTE, District Judge:

William Martin brings this action against five corporations -- Dotdash Meredith, Inc. ("Dotdash Meredith"), Meredith Corporation, Meredith Holdings Corporation, IAC/InterActiveCorp, and Dotdash Media, Inc. -- alleging that the defendants unlawfully disclosed information about his video viewing history to Facebook.  The defendants have moved to dismiss the complaint in its entirety.  For the following reasons, the defendants' motion to dismiss is granted.

## Background

The following facts are taken from the complaint and materials incorporated by reference in the complaint.  For the purposes of this motion, the plaintiff's factual allegations are taken as true, and all reasonable inferences are drawn in the plaintiff's favor.

Dotdash Meredith is one of the world's largest online media companies.  It operates the popular news and media website

2

www.people.com ("People.com").  Most of the content pages on People.com include a video, and some of them consist entirely of videos.

When visitors access People.com, they have the option to create an account on the site as a "Registered User."  Dotdash Meredith does not obtain Registered Users' consent to share their personally identifying information or their video viewing behavior with others.  Nonetheless, Dotdash Meredith allegedly sends certain information about them to Facebook.

Dotdash Meredith shares information with Facebook using software called the "Facebook Pixel."  The Facebook Pixel allows Facebook to match a website visitor to a particular Facebook account.

To install the Facebook Pixel on a website, the website operator starts by adding a publicly available base code created by Facebook (the "Base Pixel") to their website.  The Base Pixel, as a default, sends Facebook the name of the webpage viewed by a website visitor, along with the visitor's "Facebook ID."  The website operator can also customize the Base Pixel to track specific events, such as a visitor clicking an "add to cart" button, which enables the Facebook Pixel to send additional data to Facebook related to the customized events.  Dotdash Meredith has installed the Facebook Pixel on People.com

3

but "has not created any specific events, such as 'add to cart' or 'checkout' for additional tracking."

Plaintiff William Martin is an "active subscriber"[1] of People.com who often watches videos on the website.  He filed this action on June 7, 2022, asserting a claim against Dotdash Meredith under the Video Privacy Protection Act ("VPPA"), 18 U.S.C. § 2710, as well as claims against all five defendants under California Civil Code § 1799.3; the California Online Privacy Protection Act ("OPPA"), Cal. Bus. & Prof. Code § 22575; the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200; and New York General Business Law ("GBL") §§ 349 et seq.[2]  On August 17, the case was reassigned to this Court. On September 16, the defendants filed a motion to dismiss the complaint.  The motion was fully submitted on November 30.

---

[1] It is not clear from the complaint if an "active subscriber" is the same as a Registered User, but this Opinion assumes that Martin falls into the group of website visitors whose information is allegedly sent to Facebook.

[2] Jurisdiction is premised on 28 U.S.C. § 1331 because the plaintiff asserts a claim under a federal statute.  Jurisdiction is also proper under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).  The complaint alleges that Martin is a citizen of California, and the defendants are citizens of Iowa, Delaware, and New York, so minimal diversity exists between the class members and the defendants.  Additionally, the proposed class includes "millions of people," and the combined claims of the class members allegedly exceed $5,000,000.

## Discussion

The defendants move to dismiss the complaint under Rules 12(b)(1) and 12(b)(6), Fed. R. Civ. P.  For the following reasons, the motion to dismiss the complaint under Rule 12(b)(6) is granted.

I.    Rule 12(b)(1)

The defendants' Rule 12(b)(1) motion is addressed first. Defendants move to dismiss the complaint under Rule 12(b)(1) on the ground that plaintiff lacks standing.

The plaintiff's standing to sue the defendant is a "threshold question in every federal case."  Mahon v. Ticor Title Ins. Co., 683 F.3d 59, 62 (2d Cir. 2012) (quoting Warth v. Seldin, 422 U.S. 490, 498 (1975)).  To satisfy the standing requirements imposed by Article III of the Constitution, a plaintiff

> must have suffered an injury in fact, (2) there must be a causal connection between the injury and the conduct complained of, and (3) it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

Vengalattore v. Cornell Univ., 36 F.4th 87, 112 (2d Cir. 2022) (citation omitted).  For the purposes of a motion to dismiss for lack of standing, "plaintiffs bear the burden of alleging facts that affirmatively and plausibly suggest that they have standing to sue."  Liberian Cmty. Ass'n of Conn. v. Lamont, 970 F.3d 174,

5

184 (2d Cir. 2020) (citation omitted).  "All allegations made in the complaint are accepted as true and construed in favor of the plaintiffs."  Id.

The plaintiff has sufficiently alleged standing.  Martin was allegedly harmed when his information was disclosed to a third party.  This injury is fairly traceable to the defendants' conduct and would be likely to be redressed if the plaintiff prevailed.

The defendants argue that the plaintiff's alleged injury is not an injury in fact because the information disclosed to Facebook does not include information protected by the VPPA. But whether the precise disclosure is actionable under the VPPA is a question about the merits of Martin's claim, rather than his ability to bring his case in federal court.  See, e.g., SM Kids, LLC v. Google LLC, 963 F.3d 206, 212 (2d Cir. 2020). Martin's allegations that the defendants disclosed his private information to a third party without his consent are sufficient to confer standing.  See, e.g., TransUnion LLC v. Ramirez, 141 S. Ct. 2190, 2204 (2021) (noting that intangible harms including "disclosure of private information" can be sufficiently concrete to satisfy Article III).

II.  Rule 12(b)(6)

The defendants' motion to dismiss the complaint under Rule 12(b)(6) for failure to state a claim is granted.  To survive a motion to dismiss for failure to state a claim, the complaint "must plead enough facts to state a claim to relief that is plausible on its face."  Green v. Dep't of Educ. of N.Y., 16 F.4th 1070, 1076-77 (2d Cir. 2021) (citation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Charles v. Orange County, 925 F.3d 73, 81 (2d Cir. 2019) (citation omitted).

"In determining if a claim is sufficiently plausible to withstand dismissal," a court must generally "accept all factual allegations as true" and "draw all reasonable inferences in favor of the plaintiffs."  Melendez v. City of New York, 16 F.4th 992, 1010 (2d Cir. 2021) (citation omitted).  "Although factual allegations of a complaint are normally accepted as true on a motion to dismiss," however, "that principle does not apply to general allegations that are contradicted by more specific allegations in the Complaint."  DPWN Holdings (USA), Inc. v. United Air Lines, Inc., 747 F.3d 145, 151-52 (2d Cir. 2014) (citation omitted).  Similarly, a court "must dismiss a claim if

a plaintiff pleads himself out of court by alleging facts which show that he has no claim." Soto v. Disney Severance Pay Plan, 26 F.4th 114, 120 (2d Cir. 2022) (citation omitted).

When deciding a motion to dismiss, a court may consider "any written instrument attached to [the complaint] as an exhibit or any statements or documents incorporated in it by reference." Nicosia v. Amazon.com, Inc., 834 F.3d 220, 230 (2d Cir. 2016) (citation omitted). Further, even when a document is not incorporated by reference, "the court may nevertheless consider it where the complaint relies heavily upon its terms and effect, thereby rendering the document integral to the complaint." Id. (citation omitted).

A.   VPPA

The plaintiff's VPPA claim is dismissed. The VPPA states that a "video tape service provider who knowingly discloses, to any person, personally identifiable information concerning any consumer of such provider shall be liable to the aggrieved person" for relief. 18 U.S.C. § 2710(b)(1). The VPPA "creates a private right of action for plaintiffs to sue persons who disclose information about their video-watching habits." In re Nickelodeon Consumer Priv. Litig., 827 F.3d 262, 278 (3d Cir. 2016). To state a claim under § 2710(b),

> a plaintiff must allege that (1) a defendant is a "video tape service provider," (2) the defendant

disclosed "personally identifiable information
concerning any consumer" to "any person," (3) the
disclosure was made knowingly, and (4) the disclosure
was not authorized

by another part of the statute. Mollett v. Netflix, Inc., 795

F.3d 1062, 1066 (9th Cir. 2015).

Certain key terms of a VPPA claim are defined in the

statute. As relevant to the instant motion, "personally

identifiable information" is defined to include "information

which identifies a person as having requested or obtained

specific video materials or services from a video tape service

provider." 18 U.S.C. § 2710(a)(3).

The plaintiff's VPPA claim is dismissed because the

complaint itself shows that the defendants do not disclose

information showing that a person has "requested or obtained

specific video materials or services." The basis for the

plaintiff's claim is People.com's use of the Facebook Pixel. As

the complaint alleges, however, the version of the Facebook

Pixel used on People.com sends only the Facebook ID and the name

of the webpage that a user accessed. The complaint acknowledges

that not all of People.com's content pages even include videos.

Thus, simply disclosing the name of a webpage and an associated

Facebook ID leaves off essential information for a VPPA claim,

including at least: (1) whether the webpage contains a video;

(2) if so, the name of the "specific video materials" on the

9

page; (3) whether there are multiple videos on the page and, if so, which "specific video materials" were requested or obtained by the website visitor; and (4) whether the website visitor "requested or obtained" any videos at all, or instead merely read an article on the webpage.  Indeed, from the information disclosed to Facebook by People.com, it would not even be clear if the person associated with the Facebook ID is a consumer of video media.

Even for those pages that do include videos, merely disclosing the name of the webpage does not indicate that a website visitor requested or obtained specific video materials on that webpage.  The complaint's own examples reveal the distinction.[3]  To illustrate how People.com uses the Facebook Pixel, the complaint relies on a People.com webpage entitled "Ryan Reynolds Hilariously Trolls Wife Blake Lively on Her Birthday."  The Facebook Pixel sends the name of that webpage to Facebook.  But the video on that page (which also includes an article) has an entirely different title, "Ryan Reynolds on How Blake Lively Has Made Him 'The Father of My Dreams.'"  In

---

[3] The webpages discussed here are appropriately considered at this stage because they are incorporated in and integral to the complaint.  The complaint includes a screenshot of one webpage and includes the URL of the other page.  Further, the complaint relies on one page as exemplifying People.com's content pages and relies on the other as ilustrating how Facebook Pixel sends information to Facebook.

another example cited in the complaint, a webpage entitled "Jimmy Fallon Teases Blake Shelton About Not Making the Guest List for Wedding to Gwen Stefani" includes a video called "Jimmy Confronts Blake Shelton About Not Getting a Wedding Invite | The Tonight Show."  Thus, as the examples show, disclosing to a third party the title of the webpage does not reveal the title of a video on the page, let alone whether the website visitor requested or obtained the video instead of merely reviewing an article on the page.

Plaintiff's arguments on this issue are unpersuasive. Plaintiff primarily relies on generalized allegations saying that People.com "causes the identity of the viewer and the titles of the videos viewed to be shared with Facebook."  But the remainder of the complaint reveals that the information disclosed does not actually include the title of a video viewed by a website visitor.  In the plaintiff's own words, the defendants' allegedly "unlawful disclosure is made through tracking software called the Facebook Pixel."  "Dotdash Meredith has retained the default settings [of the Facebook Pixel] and has not created any specific events" for tracking.  "With these [default] settings, the Pixel will capture the name of the webpage a Registered User visits and send the name of the website along with the associated Facebook ID to Facebook."

11

(Emphases added.)  Thus, despite a handful of generalized allegations saying that People.com shares video titles with Facebook, the specific allegations reveal that People.com shares only webpage titles.  See DPWN Holdings (USA), Inc., 747 F.3d at 151-52 (noting that a court need not accept as true general allegations in a complaint "that are contradicted by more specific allegations" (citation omitted)).

Plaintiff also argues that providing a URL associated with a video is sufficient to state a VPPA claim.  This argument fails.  A claim under the VPPA requires that the information disclosed identify a person "as having requested or obtained specific video materials or services from a video tape service provider."  18 U.S.C. § 2710(a)(3).  Simply sending a URL of a People.com webpage which may or may not include a video does not show that a person requested or obtained specific video materials or services.  And even for webpages including a video, sending the URL does not identify a person as having requested or obtained the video on that page since the person may instead have merely reviewed an article on the page or opened the page and done nothing more.

Because the complaint shows that People.com does not disclose information identifying website visitors as having requested or obtained specific videos, it is unnecessary to

reach other questions such as whether a Facebook ID "identifies a person" and whether People.com is a "video tape service provider."  The plaintiff's VPPA claim is dismissed.

B.   California Civil Code § 1799.3

Plaintiff's claim under California Civil Code § 1799.3 is dismissed.[4]  Section 1799.3 states in pertinent part:

> No person providing video recording sales or rental services shall disclose any personal information or the contents of any record, including sales or rental information, which is prepared or maintained by that person, to any person, other than the individual who is the subject of the record, without the written consent of that individual.

Cal. Civ. Code § 1799.3(a).  "Section 1799.3(c) makes a person liable for civil penalties for any willful violation of section 1799.3(a)."  Mollett, 795 F.3d at 1067 (citation omitted); Cal. Civ. Code § 1799.3(c).  The language of § 1799.3 is similar to that of the VPPA, but notably narrower in certain respects.  As relevant here, § 1799.3 applies only to entities "providing video recording sales or rental services."  The term "sales or rental services" indicates that the statute applies only to entities providing video materials to customers in exchange for money.

---

[4] Although the plaintiff's sole federal claim has been dismissed, the Court retains jurisdiction over the remaining claims under CAFA.  Supra note 2.

The § 1799.3 claim is dismissed because there is no indication in the complaint that the defendants are engaged in the business of "sales" or "rental" of video materials.  On the contrary, the complaint acknowledges that the plaintiff "has never paid for a People.com subscription."

The plaintiff responds that the § 1799.3 claim should survive because defendants feature advertisements with the videos to generate a profit and, similarly, because the defendants receive value from visitors by showing them advertisements.  These arguments miss the mark.  Whether or not defendants receive a profit from advertisers or receive some sort of benefit by showing visitors advertisements does not bear on the relevant question, which is whether the defendants rent or sell videos to users.

C.   OPPA

Plaintiff's OPPA claim is dismissed.  The OPPA provides in relevant part:

> An operator of a commercial Web site or online service that collects personally identifiable information through the Internet about individual consumers residing in California who use or visit its commercial Web site or online service shall conspicuously post its privacy policy on its Web site . . . .   An operator shall be in violation of this subdivision only if the operator fails to post its policy within 30 days after being notified of noncompliance.

Cal. Bus. & Prof. Code § 22575(a) (emphasis added).

14

California courts have noted that "the OPPA itself does not provide for a private action or public prosecution for any violations of its provisions." People ex rel. Harris v. Delta Air Lines, Inc., 202 Cal. Rptr. 3d 395, 399 (Cal. Ct. App. 2016); see also In re Yahoo! Inc. Customer Data Sec. Breach Litig., No. 16-MD-02752-LHK, 2017 WL 3727318, at *43 (N.D. Cal. Aug. 30, 2017). The plaintiff argues, nonetheless, that the OPPA implies a private right of action.

At the outset, the plaintiff concedes that the OPPA does not provide an express private right of action and does not point to any authority in the statute's eighteen-year history recognizing an implied private right of action. In any event, it is unnecessary to decide whether the statute creates an implied private right of action because the plaintiff does not plausibly plead a violation of the OPPA even assuming that such a right of action exists. The plaintiff's claim is brought under § 22575, which is violated "only if the [website] operator fails to post its policy within 30 days after being notified of noncompliance." There are no allegations in the complaint suggesting that any defendant was notified of its alleged noncompliance with this provision or failed to post a policy after being notified of noncompliance. Thus, plaintiff has not

plausibly pled a violation of the OPPA, and the claim is dismissed.

D.   UCL

Plaintiff's UCL claim is dismissed.  The UCL prohibits "unfair competition," which is defined in relevant part as "any unlawful, unfair or fraudulent business act or practice."  Cal. Bus. & Prof. Code § 17200.  A private action under the UCL may be commenced only "by a person who has suffered injury in fact and has lost money or property as a result of the unfair competition."  Cal. Bus. & Prof. Code § 17204.  Pursuant to this rule, a plaintiff must

> (1) establish a loss or deprivation of money or property sufficient to qualify as injury in fact, i.e., economic injury, and (2) show that that economic injury was the result of, i.e., caused by, the unfair business practice . . . that is the gravamen of the claim.

Van Patten v. Vertical Fitness Grp., LLC, 847 F.3d 1037, 1048 (9th Cir. 2017) (citation omitted); Kwikset Corp. v. Superior Ct., 51 Cal. 4th 310, 322 (2011).  This economic injury requirement is "more restrictive than federal injury in fact because it encompasses fewer kinds of injuries."  Van Patten, 847 F.3d at 1048 (citation omitted).

Plaintiff does not have standing to bring a UCL claim because he does not allege an economic injury.  Plaintiff's injury consists solely of the alleged disclosure of private

16

information.  This is not "lost money or property," and plaintiff presents no argument for why this injury is sufficient to bring a claim under the UCL.  Accordingly, the UCL claim is dismissed.

E.   GBL

Finally, the plaintiff's claim under the GBL is dismissed. The GBL prohibits "[d]eceptive acts or practices in the conduct of any business, trade, or commerce in the furnishing of any service in this state."  N.Y. Gen. Bus. Law § 349(a).  A plaintiff bringing a claim under the GBL must allege "(1) that the defendant's deceptive acts were directed at consumers, (2) the acts are misleading in a material way, and (3) the plaintiff has been injured as a result."  Chufen Chen v. Dunkin' Brands, Inc., 954 F.3d 492, 500 (2d Cir. 2020) (citation omitted).  An act is materially misleading if it is "likely to mislead a reasonable consumer acting reasonably under the circumstances." Fink v. Time Warner Cable, 714 F.3d 739, 741 (2d Cir. 2013).

The plaintiff does not plausibly plead a GBL claim.  The relevant section of the complaint merely states, in a conclusory manner, that the "acts and conduct of Defendants alleged above and herein constitute deceptive acts or practices within the meaning of New York law."  (Citation omitted.)  But the plaintiff does not explain how any of the defendants engaged in

17

any materially misleading conduct through People.com's use of the Facebook Pixel.

Attempting to dodge this issue, the plaintiff, in his opposition to the motion to dismiss, recharacterizes People.com's use of the Facebook Pixel as a "scheme" by the defendants to transmit information to Facebook. Merely labeling the conduct a "scheme" in an opposition brief, however, does not plead how the relevant actions were likely to mislead a consumer acting reasonably under the circumstances, as required for a GBL claim. Accordingly, the claim is dismissed.

## Conclusion

The defendants' September 16 motion to dismiss is granted. The Clerk of Court shall enter judgment for the defendants and close the case.

Dated:     New York, New York
           February 17, 2023

_____
DENISE COTE
United States District Judge

18

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
WILLIAM J. MARTIN, individually and on
behalf of all others similarly situated,

                    Plaintiff,

       -against-

MEREDITH CORPORATION, MEREDITH
HOLDINGS COPORATION,
IAC/INTERACTIVECORP, DOTDASH
MEDIA INC., and DOTDASH MEREDITH,
INC.,

                   Defendants.
-------------------------------------------------------------X

22 **CIVIL** 4776 (DLC)

## <u>JUDGMENT</u>

It is hereby **ORDERED, ADJUDGED AND DECREED:**  That for the reasons

stated in the Court's Opinion and Order dated February 17, 2023, the defendants' September 16

motion to dismiss is granted; accordingly, the case is closed.

**Dated:**  New York, New York

        February 21, 2023

                                           **RUBY J. KRAJICK**

                                      _____

                                           **Clerk of Court**

              **BY:**       K. Mango

                                      _____

                                         **Deputy Clerk**

**<u>Addendum B</u>**

This appeal will raise the following issues:
- Dismissal of Plaintiff's claim under 18 U.S.C. § 2710(b)(1) pursuant to FRCP 12(b)(6).
- Dismissal of Plaintiff's claim under Cal. Civ. Code § 1799.3(a) pursuant to FRCP 12(b)(6).
- Dismissal of Plaintiff's claim under Cal. Bus. & Prof. Code § 17200 pursuant to FRCP 12(b)(6).
- Dismissal of Plaintiff's claim under N.Y. Gen. Bus. Law § 349(a) pursuant to FRCP 12(b)(6).